IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**LISA SEEHAVER**                                                             **PLAINTIFF**

v.                                         **No. 3:16-CV-00260-JTK**

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                     **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Lisa Seehaver filed for social security disability benefits with an alleged onset date of August 1, 2012. (R. at 75). The administrative law judge (ALJ) denied her application after a hearing. (R. at 27). The Appeals Council declined Seehaver's request for review. (R. at 1). Seehaver has requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that Seehaver had the severe impairments of diabetes with neuropathy, acute bronchitis, plantar fasciitis, bladder incontinence, depression, posttraumatic stress disorder, and obesity. (R. at 16). The ALJ found that she had the residual functional capacity (RFC) to perform light work, except that she could only occasionally push/pull with the lower extremities; must avoid hazards and concentrated exposures to dust, odors, gasses, and fumes; must be afforded a sit/stand option hourly for position change; can perform only simple, routine work with simple instructions; and can have only occasional contact with supervisors, coworkers, and the general public. (R. at 19). The ALJ took testimony from a vocational expert and determined that

1

this RFC would not allow Seehaver to return to her past relevant work. (R. at 25–26). The VE testified, however, that the RFC would allow Seehaver to perform jobs such as inspector or assembler. (R. at 27). The ALJ therefore held that Seehaver was not disabled. (R. at 27).

## II. Discussion

Seehaver argues that the ALJ improperly rejected the opinion of her treating psychiatrist and improperly found her to be capable of light work. As the Court holds that the ALJ improperly rejected the treating psychiatrist's opinion, it is not necessary to reach her other argument.

On review, this Court determines whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187.

The ALJ gave little weight to the opinion of Sarita Subba, M.D., a treating psychiatrist who opined that Seehaver would be unreliable in understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for eight hours; performing at a pace and consistency required for production work; working with or near others without distraction; being on time and completing a normal workday or workweek without absences due to psychological symptoms; interacting appropriately with the public; accepting instruction and criticism from supervisors; getting along with coworkers and peers; dealing with typical work stress; and maintaining socially appropriate behavior. (R. at 24, 563). The ALJ rejected

the opinion because panic attacks were not objectively supported in the record and because Dr. Subba's opinions were inconsistent with the global assessment of functioning (GAF) scores of 58 that Seehaver was assigned. (R. at 24).

Seehaver notes that Dr. Subba revised the initial GAF score of 58 to 45 in a subsequent visit and later to 48. (R. at 529, 534). The Commissioner responds that Stephanie Adams, LCSW consistently assigned a GAF of 58. (R. at 502, 506, 508, 510, 521, 522, 523, 525, 531, 532, 536). However, a review of those records indicates that, as Seehaver observes, they are reflections of her diagnosis at her initial visit, as the effective date on each of the GAF scores of 58 is August 15, 2014. The inconsistency that the ALJ noted is therefore illusory, and the ALJ was mistaken in finding such an inconsistency.

The ALJ also discounted Dr. Subba's opinion because her "symptoms of panic attacks are not objectively supported in the mental therapy treatment records." (R. at 24). Aside from the inherent difficulty in determining what objective evidence of a panic attack would be, the mental health treatment records do only contain the phrase "panic attacks" once. (R. at 533). However, Seehaver reported waking up screaming and having flashbacks and nightmares on multiple occasions, as well as other symptoms of posttraumatic stress disorder. (R. at 501, 521, 527, 533, 536). The supposed lack of objective evidence of panic attacks is therefore insufficient reason to discount the allegations of panic attacks and Dr. Subba's opinion regarding them.

The ALJ gave great weight to a consultative psychological examination that occurred on July 22, 2014, before Seehaver began treatment with Ms. Adams and Dr. Subba. (R. at 492). Aside from the examination occurring before Seehaver began treatment, it was also a one-time examination, and the examiner's opinions were all derived from that limited interaction. Such an opinion is not ordinarily entitled to the

same weight as a treating doctor's opinion. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). The record does not show that the consultative examiner's opinion in this instance was more reliable than the treating psychiatrist's opinion.

Finally, the Commissioner contends that the ALJ discounted Dr. Subba's opinion for more reasons than inconsistency with the GAF scores and a lack of objective evidence of panic attacks. The Commissioner states that the ALJ rejected Dr. Subba's opinion because "the totality of the evidence in the record belied her opinion." (Doc. No. 17, 6). The Court disagrees. The ALJ made no such finding. The entire discussion of Dr. Subba's opinion is limited to the two points Seehaver notes, and there is not any discussion of the consistency of Seehaver's opinion with the rest of the record. The Court cannot uphold a decision for reasons not articulated by the ALJ. *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001). As such, the decision should be reversed.

### III. Conclusion

The ALJ improperly assessed the opinion evidence and failed to articulate sufficient reasons for discounting the opinion of Dr. Subba. This case is therefore remanded to the Commissioner with instructions to develop the record as necessary and to fully consider all the evidence of record and to properly consider all medical opinions.

It is so ordered this 27th day of December, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE